Chesley K. Culp and Irma L. Culp v. Commissioner.
Culp v. Commissioner
Docket No. 622-63.
United States Tax Court
T.C. Memo 1965-324; 1965 Tax Ct. Memo LEXIS 5; 24 T.C.M. (CCH) 1797; T.C.M. (RIA) 65324; December 28, 1965
*5 William Andress, Jr., and Clyde J. Watts, for the petitioners. J. C. Linge, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: The respondent determined deficiencies in the income taxes of the petitioners and additions to tax for fraud and for failure to file declarations of estimated tax, for the calendar years 1953, 1954 and 1955, as follows: Addition to tax
Sec.
Sec. 294
Sec. 293(b)
6653(b)
(d)(1)(A)
Year
Deficiency
IRC 1939
IRC 1954
IRC 1939
1953
$385.78
$1,255.64
$247.53
1954
572.66
$990.85
203.20
1955
234.88
691.49
Three years prior to the issuance of the statutory notice of deficiency, the petitioners filed amended returns for each of the years involved; and at that time they paid the additional taxes shown to be due on said amended returns. After issuance of said deficiency notice, the petitioners paid a portion of the determined deficiency for each year; and at the trial herein, counsel for petitioners conceded that they were liable for the full amount of the determined deficiencies - both the amounts paid and the amounts unpaid. In the present posture of the case, there are *6 only three issues left for decision. (1) Whether petitioners are liable for additions to tax for 1953 and 1954 for failure to file declarations of estimated tax. (2) Whether any part of the deficiency for any of the years is due to fraud with intent to evade tax, so as to subject the petitioners to addition to tax for fraud. (3) Whether assessment of deficiencies and additions to tax for any of the years involved is barred by the statute of limitations. At the trial herein, petitioners presented no evidence as to why they failed to file declarations of estimated tax for 1953 and 1954. We accordingly approve respondent's imposition of additions to tax under section 294(d)(1)(A), I.R.C. 1939, for both 1953 and 1954. Also, at the trial, properly executed consents (Form 872) extending the time for assessment for all 3 years to a date after that on which the notice of deficiency herein was mailed, were introduced. We accordingly hold that the statute of limitations does not constitute a bar to the assessment of deficiencies and additions to tax for any of the years involved. This leaves as the only remaining issue, the question whether any part of the deficiencies is due to *7 fraud with intent to evade tax. The petitioners are husband and wife residing at McAlester, Oklahoma. They timely filed a joint Federal income tax return for each of the years here involved with the district director of internal revenue at Oklahoma City. Petitioner Chesley Culp (hereinafter called "petitioner") during the taxable years and for over 40 years prior thereto, operated a modest retail music store proprietorship in McAlester, under the name of Culp Piano Co. Due to the inadequacies of his records and books of account, he understated the receipts of his store and overstated the purchases which entered into his cost of goods sold, and also overstated certain of his business expenses. When petitioner was apprised of this state of affairs following an examination of his 1953-1955 returns by respondent's agents, he immediately retained a firm of attorneys who handled income tax matters, to make a complete audit of his records. When this audit had been completed, the attorneys prepared amended returns showing an increased taxable income and an increased tax liability for each year. Petitioner and his wife then filed these returns and paid the additional tax shown to be due, *8 together with interest thereon. The respondent in his statutory notice of deficiency herein, based all except an insignificant portion of his adjustments to petitioners' original returns, on the data appearing in these amended returns. Petitioner's wife played the organ at church on Sunday, and for this she received $10 or $12 per week. The amounts which she received for 1953 and 1954 (years when the church made no withholdings from sums paid to her and when the church did not furnish her with a Form W-2), were not included on petitioners' returns for those years, due in our opinion principally to oversight. For 1955, when petitioner's wife was furnished a Form W-2 by the church, the amount was included on petitioners' return. Through oversight, interest on some savings accounts in the names of petitioner's wife and each of his three sons were not included on the returns. These accounts were funded by deposits made by petitioner. We are satisfied on the basis of our consideration and weighing of all the evidence, and we find as an ultimate fact and here hold, that the deficiency for each year was not due to fraud with intent to evade tax. The respondent has the burden of proof *9 on this issue; and in our opinion he has not carried that burden. Rather we are convinced that by far the greater portion of the deficiencies - the portion traceable to petitioner's proprietorship - were due to an inadequate bookkeeping system, and also quite possibly to negligence on petitioner's part, for which no additions to tax have been asserted. The inadequacies of the bookkeeping have not been shown to be due to fraudulent intent. The remainder of the deficiencies was due almost entirely to the omission from the returns of the interest on the savings accounts and of the almost insignificant amounts that petitioner's wife received for playing the organ at church on Sundays. We are not convinced that either of these omissions is due to fraud. We hold that petitioners are not liable for additions to tax for fraud for any of the years involved. Decision will be entered under Rule 50.